Filed 3/4/26  P. v. Wilson CA5
Opinion following transfer from Supreme Court
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>KIMBERLY AMARA WILSON,<br><br>        Defendant and Appellant. | F085924<br><br>(Super. Ct. No. MF008340A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  Chad A. Louie, Judge.

James Bisnow, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Darren K. Indermill, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

### INTRODUCTION

In 2008, a jury convicted defendant Kimberly Amara Wilson[1] of criminal threats (Pen. Code, § 422; count 1) and threatening a public official (§ 76, subd. (a)(1); count 2), and the trial court found true allegations defendant had previously suffered multiple strike

_____
[1]In prior proceedings, defendant was known as Anthony Lee Wilson.

prior convictions that fall within the meaning of sections 667, subdivisions (c) through (j), and 1170.12, subdivisions (a) through (e).  (Undesignated statutory references are to the Penal Code.)  The jury also found that defendant had served multiple prior prison terms (§ 667.5, former subd. (b)).  In 2009, the court sentenced defendant to 25 years to life plus four years for the prison prior enhancements on count 1 and the same term on count 2, which it ordered stayed pursuant to section 654.

In 2023, defendant petitioned for relief pursuant to former section 1171.1 (now § 1172.75) to seek dismissal of her prison prior enhancements and resentencing.  At resentencing, the trial court struck defendant's prison prior enhancements (§ 667.5, former subd. (b)).  It denied defendant's request to strike any of her strike prior convictions and resentenced defendant to 25 years to life.

On appeal, defendant argues the trial court abused its discretion in failing to strike any of her strike priors in light of evidence of her rehabilitation, failing to sentence her to a second strike sentence on count 2 pursuant to the Reform Act, and by failing to expressly acknowledge changes to section 654 as a result of the enactment of Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Assembly Bill 518).  Relatedly, she argues her counsel was ineffective in failing to alert the court to the recent changes to section 654.

We previously rejected all of defendant's contentions including her contention the trial court erred in failing to automatically resentence her to a second strike sentence on count 2 under the Reform Act at resentencing.  Thereafter, defendant filed a petition for review with the California Supreme Court.  The court granted defendant's petition and transferred the matter back to our court with directions to vacate our opinion and reconsider the matter in light of *People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838 (*Guevara*).

We, and the parties, now agree the matter must be remanded to permit the trial court an opportunity to consider whether defendant is eligible for relief under the penalty provisions of the Reform Act as to count 2.

# FACTUAL AND PROCEDURAL HISTORY

In December 2008, a jury convicted defendant of criminal threats (§ 422; count 1) and threatening a public official (§ 76, subd. (a)(1); count 2), and the trial court found true allegations defendant had previously suffered multiple strike prior convictions that fall within the meaning of sections 667, subdivisions (c) through (j), and 1170.12, subdivisions (a) through (e). The jury also found that defendant had served multiple prior prison terms (§ 667.5, former subd. (b)). In 2009, the court sentenced defendant to 25 years to life plus four years for the prison prior enhancements on count 1 and the same term on count 2, which it ordered stayed pursuant to section 654.

On January 24, 2023, defendant filed a "Motion for Hearing on Resentencing and Sentencing Statement Pursuant to Penal Code § 1172.75 (Formerly PC § 1171.1)[;] Penal Code 1385; *People vs. Superior Court* (*Romero*) Points and Authorities." (Some capitalization omitted.) In it, she asked the court to resentence her by dismissing the four section 667.5, subdivision (b) enhancements imposed as to counts 1 and 2 and to set a resentencing hearing pursuant to section 1172.75. Defendant also asked the court to consider her postconviction behavior "pursuant to [section] 1385" and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and to strike the section 667, subdivision (e) strike priors "in the interest of justice." She asserted she is now 61 years old and "poses a much smaller threat of reoffending." She also urged the court to consider all of the submitted certificates and completion awards she had received while in prison and attached to her brief. She further contended she is a transgender woman who has "suffered severe harassment" and "sexual assaults" at the hands of other inmates "because of her gender dysphoria" and she "suffers unreasonable fear and anxiety because she never knows if she will be forced to have a cellmate." She completed rehabilitation classes that she asserted "will prepare her to be a better citizen upon her release." She noted she struggles with chronic pain, has a diagnosed "back condition," and is in need of surgery but "has not received the recommended treatment." She attached to her brief medical

records related to her back condition and a letter from a facility in San Francisco offering her acceptance into its housing program. She asserted she "poses little threat to society if she were to be release[d]." And she asked the court to find, "in the interest of justice," "that she is not a danger to society and [to] dismiss at least 3 [of] the 667(E) prior[s]" and resentence her to a term of two years, doubled, for a total of four years, with count 2 stayed pursuant to section 654 because it arises from the same facts as count 1.

The trial court held a hearing on defendant's petition for relief on March 9, 2023. At the hearing, defense counsel again asked the court to strike three of defendant's strike priors under *Romero*, noting defendant had "completed a significant body [*sic*] work with regard to rehabilitation, works full time [*sic*] the prison, has taken classes on domestic violence, classes on anger management, gets supervisory reports that she has participated well in classes, that she [*sic*] done more than she needs to do in classes, that she has not been causing any problem since '09." Defense counsel asserted there was "no violence done" during the charged offense, and defendant has had an "extremely difficult time" in prison.

The prosecutor argued the trial court should look to the "factors in aggravation versus none in mitigation" in the probation report. He asserted there was no "realistic reason" to strike the strike priors and asserted the section 422 offense was violent in nature.

The trial court noted, in considering whether to strike one or more of the four strike priors, it looked "at the defendant's criminal history from the original probation report indicating convictions going back to 1981. Trespass, tampering with a vehicle, being under the influence of a controlled substance, possession of [*sic*] weapon." It discussed the prior strike convictions:

> "The first strike is a residential burglary from 1984 where the defendant was sentenced to 2 years in the Department of Corrections. That same year the defendant picked up a misdemeanor. The second strike was in 1986, 2 years later a second residential burglary where the defendant was

sentenced to 2 years in Department of Corrections.  A third strike was in 1988, 2 years after that another residential burglary where the defendant was sentenced to 12 years in the Department of Corrections.  Shortly thereafter—also on that case the defendant violated parole twice, was discharged, and then continued to commit crimes in 1998, committed … a felony assault with a deadly weapon, and was granted felony probation, violated parole in that indication.  After the defendant was released from custody in that case, continued to commit crimes of violence including a criminal threats case, violating a Court order to commit domestic violence in 2002, a felony committed to the Department of Corrections for 2 years.  It was also 2 years after that the defendant was convicted of felony evading arrest and committed to the Department of Corrections for 4 years.  Shortly after being released from custody and shortly after being released from parole in 2008, one year later, … the defendant again committed crimes of violence, felony criminal threats in 2009, which the defendant is currently in prison on."

The trial court found defendant did not "fall outside the spirit of the [three] strikes law" in light of defendant's lengthy criminal history, her "repeated violations of parole and numerous prison commitments as well as the timing involved in all those cases," in that they occurred "consecutively after each other or rather quickly after … defendant is released from prison."  Rather, "defendant is clearly recidivist."  Accordingly, the court denied defendant's request to strike the strikes pursuant to *Romero* in light of defendant's criminal history and the nature of the charges in this case, but it struck the four prison priors (§ 667.5, former subd. (b)).  The abstract of judgment and minute orders reflect updated sentences of 25 years to life on counts 1 and 2 with the sentence on count 2 stayed pursuant to section 654.

## DISCUSSION

### I.      Resentencing Proceedings Under Section 1172.75

In October of 2021, the Governor signed Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75.  This section declares:  "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to

5.

subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid."

Section 1172.75 establishes a mechanism to provide affected defendants an avenue for relief from now invalid prison prior enhancements. Subdivision (b) directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment" that includes a now legally invalid prior prison enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) After the court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

## II. The Trial Court Had Jurisdiction to Resentence Defendant

In this appeal, defendant challenges the trial court's order following the resentencing hearing. In their initial response to defendant's arguments on appeal, the People argued the court lacked jurisdiction to rule on defendant's motion for resentencing pursuant to section 1172.75 below; thus, the resulting order is void. Because the People's argument implicates whether the court had jurisdiction to enter the challenged order and, thus, the merits of defendant's claims on appeal, we address their contention first.

The People asserted, "[I]t appears from the record that [defendant] initiated the resentencing process under section 1172.75 by filing a motion for resentencing pursuant to [Senate Bill] 483 on January 24, 2023," and the trial court lacked jurisdiction to consider the resentencing request. They contend the "mandated statutory process"—which requires the Secretary of the CDCR and the county correctional administrator to identify a defendant as a person in custody serving a term of a judgment that includes a section 667.5, former subdivision (b) enhancement and then the court to recall and resentence the defendant—"does not appear to have happened here." In support of their contention they rely upon *People v. Burgess* (2022) 86 Cal.App.5th 375, in which the trial court denied the defendant's motion for resentencing pursuant to section 1172.75, and the Court of Appeal concluded the trial court lacked jurisdiction to adjudicate the defendant's motion.

Notably, at the time the parties filed their briefing, records had not yet been filed in this court to establish whether the Secretary of the CDCR had identified defendant as an individual eligible for relief in light of Senate Bill 483. However, a subsequently filed augmented confidential clerk's transcript establishes the CDCR identified defendant as potentially eligible for resentencing in 2022 and sent that identification to the trial court, before the court recalled defendant's sentence and resentenced her pursuant to section 1172.75.

As our court has previously held, "Once the trial court received that identification information from the [CDCR], it had authority over the matter and was statutorily authorized to act." (*People v. Cota* (2023) 97 Cal.App.5th 318, 332–333.) That is, under section 1172.75, subdivision (b), once the CDCR provided this identification to the trial court, "it triggered the trial court's review and resentencing obligations under section 1172.75, subdivision (b) thereby placing the matter within a statutorily authorized exception to the general rule that a trial court has no jurisdiction to modify a final judgment." (*Cota*, at p. 332.) And though section 1172.75 "does not authorize a defendant to seek resentencing on his or her own motion or petition," the filing of such a procedurally unauthorized motion did not deprive "the trial court of the jurisdiction afforded to it by statute to resentence a defendant as mandated by section 1172.75." (*Cota*, at pp. 332, 333.)

Accordingly, we reject the People's argument the trial court lacked jurisdiction to recall and resentence defendant pursuant to section 1172.75.

## III. Trial Court Did Not Abuse Its Discretion in Declining to Strike the Strike Priors

Defendant first argues the trial court abused its discretion in declining to strike her strike priors pursuant to *Romero* during resentencing. We disagree.

### A. Standard of Review and Applicable Law

" '[T]he Three Strikes initiative, as well as the legislative act embodying its terms, was intended to restrict courts' discretion in sentencing repeat offenders.' [Citation.] To achieve this end, 'the Three Strikes law … establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).) "[T]he three strikes law not only

8.

establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so.  In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper."  (*Id.* at p. 378.)

A trial court has discretion under section 1385, subdivision (a) to strike prior felony conviction allegations in cases brought under the Three Strikes law.  (*People v. Superior Court* (*Romero*), *supra*, 13 Cal.4th at pp. 529–530.)  In deciding whether to strike a prior felony conviction allegation, the court must "consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies."  (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review a trial court's decision to deny a motion to strike prior strike allegations for an abuse of discretion.  (*Carmony*, *supra*, 33 Cal.4th at p. 374.)

> "In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." '  [Citations.]  Second, a ' "decision will not be reversed merely because reasonable people might disagree.  'An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge.' " '  [Citations.]  Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*Carmony*, *supra*, 33 Cal.4th at pp. 376–377.)

"Because the circumstances must be 'extraordinary … by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the

9.

continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

### B.      Analysis

Defendant argues the resentencing court abused its discretion in denying her *Romero* motion.  She asserts the court "basically considered [her] rap sheet, but did not fairly evaluate her worth as a person who for the last decade had expressed remorse about her criminal lifestyle and sought rehabilitation."  She asserts, her 2007 conviction (from which she sought relief) qualified as a "serious felony" strike pursuant to section 1192.7, subdivision (c), but it was not a "violent felony" as that term is used in section 667.5, subdivision (c), noting "[n]o injuries resulted."  She noted, in her prior direct appeals from her 2007 conviction, "one appellate judge and two Supreme Court justices appeared to harbor doubts whether a threat made by an inmate to commit future harm outside the prison could truly constitute the immediate danger necessary for a criminal threats conviction."  She also asserted her " 'strikes' all occurred more than 20 years ago," and she has served 16 years of her actual sentence.  She argues she does not present a danger to public safety in light of her age (61) and chronic back problems, which confine her to a wheelchair.  She asserts the trial court "ignored the mandate of [section] 1172.75 to take 'postconviction' matters into account, including 'age, time served and physical condition,' which show that the original sentence no longer appears 'in the interest of justice.' "

We cannot conclude the trial court abused its broad discretion in declining to strike defendant's prior strike convictions.  Here, the court was entitled to consider, as it did, defendant's extensive criminal history and the nature of the instant offense, which supported its ruling.  (See *People v. Williams*, *supra*, 17 Cal.4th at p. 161.)  As the court

noted, defendant's criminal history dates back to 1981 after which she continued to repeatedly reoffend in 1983, 1984, 1986, 1988, 1993, 1998, 2002, 2004, and 2007 (the current offense). Four of her prior convictions were for strike offenses, namely, residential burglaries and a prior criminal threat offense. Though there were years between the instant offense and the strike priors, defendant did not refrain from criminal activity during that time but rather continued to reoffend. She also repeatedly violated parole. And a letter from the probation department filed on the date of the resentencing hearing states defendant was convicted of yet another offense in 2011—battery by an inmate on a nonconfined person (§ 4051.5)—while incarcerated for the current offense. Furthermore, contrary to defendant's suggestion, the record does not establish the court disregarded her rehabilitative efforts. (See *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary"].) Rather, after explaining its ruling, the court told defendant it "appreciate[d] the work" she had done, but this did not change its conclusion she did not fall outside of the spirit of the Three Strikes law.

On the record before us, we cannot say the trial court's conclusion that defendant did not lie outside of the intent of the Three Strikes law was so irrational or arbitrary that no reasonable person could agree with it. (See *People v. Stone* (1999) 75 Cal.App.4th 707, 717 [no abuse of discretion in refusing to vacate one of defendant's strikes because defendant "is an exemplar of the 'revolving door' career criminal to whom the Three Strikes law is addressed"].) Accordingly, we cannot conclude it abused its discretion in refusing to strike defendant's prior strikes.

IV. **Trial Court Did Not Abuse Its Discretion in Setting the Principal Term but Remand is Necessary for The Court To Consider Whether Defendant Is Entitled to Resentencing Under the Penalty Provisions of the Reform Act**

Defendant next argues the trial court failed to consider Assembly Bill 518 or the Three Strikes Reform Act of 2012 (the Act or Reform Act) in resentencing her and, to the

11.

extent the issue was forfeited based upon her counsel's failure to raise it below, her counsel provided ineffective assistance on that basis. She asserts the Three Strikes law was amended in 2012 to provide, regardless of a defendant's prior strikes, "the state generally may not seek an indeterminate life sentence if the current crime amounts to neither a 'serious' nor 'violent' felony," citing sections 1170.12, subdivision (c)(2)(C), and 667, subdivision (e)(2)(C). She also contends the trial court abused its discretion in failing to take into account Assembly Bill 518's changes to section 654 in designating the principal term.

### A. Applicable Law

#### 1. *Assembly Bill 518*

Before the passage of Assembly Bill 518, section 654, subdivision (a) provided that, when a defendant committed an act or omission punishable by two or more provisions of the law, the trial court must impose sentence under the provision that provides for the longest potential term of imprisonment. (Former § 654, subd. (a); Stats. 1997, ch. 410, § 1.) Assembly Bill 518, effective January 1, 2022, amended section 654, subdivision (a) to permit an act or omission punishable under two or more provisions of law to "be punished under either of such provisions." (§ 654, subd. (a), as amended by Stats. 2021, ch. 441, § 1.) Thus, under newly amended section 654, a trial court is no longer required to punish the defendant under the longest possible term of imprisonment when multiple offenses are based on the same act or omission. (*People v. White* (2022) 86 Cal.App.5th 1229, 1236.) Rather, the trial court now has " 'discretion to impose and execute the sentence of either term, which could result in the trial court imposing and executing the shorter sentence rather than the longer sentence.' " (*Ibid.*; see *People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

12.

## 2.    *Three Strikes Reform Act of 2012*

"On November 6, 2012, the California electorate approved Proposition 36, otherwise known as the Three Strikes Reform Act of 2012 …, which became effective the next day.  Before the Act's passage, the 'Three Strikes' law provided that a recidivist offender with two or more qualifying strikes was subject to an indeterminate life sentence if the offender was convicted for any new felony offense.  [Citation.]  The Act amended the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/or violent felony or where the offender is not eligible for a determinate sentence based on other disqualifying factors.  (… §§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).)"  (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596.)  The California Supreme Court subsequently clarified that "when a court resentences a third strike defendant …, the presence of a current offense that is serious or violent does not disqualify an inmate from resentencing with respect to a current offense that is neither serious nor violent."  (*People v. Johnson* (2015) 61 Cal.4th 674, 680.)

"In the Reform Act, the voters also established a procedure for 'persons presently serving an indeterminate term of imprisonment' under the prior version of the Three Strikes law to seek resentencing under the Reform Act's revised penalty structure. (… § 1170.126, subd. (a).)  Under section 1170.126, 'within two years after the effective date of the act … or at a later date upon a showing of good cause,' such persons can file a petition for a recall of sentence before the trial court that entered the judgment of conviction.  (*Id*., subd. (b).)  If the petitioner would have qualified for a shorter sentence under the Reform Act version of the law, taking into consideration the disqualifying factors (§ 1170.126, subds. (e), (f)), section 1170.126 provides that he 'shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety' (*id*., subd. (f)).  In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of

13.

rehabilitation while incarcerated, and '[a]ny other evidence the court … determines to be relevant.' " (*People v. Conley* (2016) 63 Cal.4th 646, 653 (*Conley*).)

In *Conley*, the California Supreme Court rejected the defendant's contention that he and others whose judgments were not final as of the effective date of the Reform Act were entitled to automatic resentencing under the revised penalty provisions of the Act. (*Conley*, *supra*, 63 Cal.4th at pp. 657, 659.) The *Conley* court reasoned, "[T]o confer an automatic entitlement to resentencing under these circumstances would undermine the apparent intent of the electorate that approved section 1170.126: to create broad access to resentencing for prisoners previously sentenced to indeterminate life terms, but subject to judicial evaluation of the impact of resentencing on public safety, based on the prisoner's criminal history, record of incarceration, and other factors." (*Id*. at p. 659.) The *Conley* court further explained, "the nature of the [Reform Act's] recall mechanism and the substantive limitations it contains call into question the central premise underlying the [*In re*] *Estrada* [(1965) 63 Cal.2d 740] presumption," namely, that the lawmaking body "categorically determined that 'imposition of a lesser punishment' will in all cases 'sufficiently serve the public interest.' " (*Conley*, *supra*, 63 Cal.App.4th at p. 658.) Rather, instead of mandating lesser punishment in all cases, voters conditioned relief on a judicial assessment of the risk that resentencing would pose to public safety. (*Ibid*.; § 1170.126; accord, *People v. DeHoyos* (2018) 4 Cal.5th 594, 601–602.)

Recently, in *Guevara*, *supra*, 18 Cal.5th 838, the California Supreme Court granted review to consider whether the revised penalty provisions of the Reform Act may constitutionally apply at a resentencing pursuant to section 1172.75 of a nonserious, nonviolent third strike offender. (*Guevara*, at p. 854.) In *Guevara*, the defendant was sentenced in 2009 to an indeterminate term of 28 years to life following his third strike conviction, as then required by the Three Strikes law. (*Guevara*, at p. 849.) In 2023, after the passage of Senate Bill 483, the defendant was resentenced pursuant to section 1172.75 as a result of his now-invalid prior prison term enhancements. (*Guevara*,

at p. 850.) The trial court struck the prison prior enhancements and resentenced the defendant on his third strike offense according to the Reform Act to a determinate term of eight years. (*Ibid*.) The Court of Appeal granted the People's request for a temporary stay and issued an order to show cause. (*Id*. at p. 854.) The Court of Appeal then reversed the judgment, concluding the trial court's interpretation of section 1172.75 unconstitutionally amended the Reform Act. (*Guevara*, at p. 854.) The Supreme Court granted review. (*Ibid*.)

The *Guevara* majority held a defendant is entitled to a full resentencing pursuant to section 1172.75, including resentencing pursuant to the revised penalty provisions of the Reform Act, provided that he or she can satisfy the substantive eligibility criteria established in section 1170.126. (*Guevara*, *supra*, 18 Cal.5th at p. 878.) Accordingly, the *Guevara* court reversed the judgment of the Court of Appeal and ordered the matter remanded to the trial court for it to determine whether resentencing "pursuant to the revised penalty provisions of the Reform Act would 'pose an unreasonable risk of danger to public safety.' " (*Ibid*.) If so, the court was directed to "reimpose an indeterminate term." (*Ibid*.) If not, the court was directed to resentence the defendant pursuant to the revised penalty provisions of the Reform Act. (*Guevara*, at p. 878.)

In concluding the revised penalty provisions of the Reform Act apply during a section 1172.75 resentencing, provided a defendant satisfies the substantive eligibility criteria established in section 1170.126, the *Guevara* majority found the language of section 1170.126 and section 1172.75 could be harmonized. (*Guevara*, *supra*, 18 Cal.5th at pp. 869–870, 875.) The court noted, "[t]here can be no question that the voters who enacted the Reform Act were focused on reforming Three Strikes sentencing without undermining public safety." (*Id*. at p. 863.) "[S]ection 1170.126, subdivision (k) nonetheless guarantees that defendants entitled to seek relief under section 1170.126 may access 'rights or remedies otherwise available,' " undermining a conclusion that the Reform Act was the exclusive means to obtain sentencing relief. (*Id*. at pp. 859, 863)

15.

The *Guevara* court held "[c]onstruing the discretionary public safety determination of section 1170.126 as applicable at a section 1172.75 resentencing ' " ' " 'maintain[s] the integrity of both statutes,' " ' " ' such that ' " ' " 'the two may stand together.' " ' " ' " (*Id*. at p. 865.)

The *Guevara* majority further reasoned section 1172.75's instruction to apply " 'changes in law that reduce sentences' " is "ambiguous" in that it "does not specify how to determine the relevant 'change[s] in law' in the context of the Three Strikes law's parallel prospective and retrospective provisions." (*Guevara*, *supra*, 18 Cal.5th at p. 867.) Given this ambiguity, "and the constitutional questions raised by not incorporating section 1170.126's substantive requirements," the *Guevara* majority concluded "the case to incorporate the public safety exception is 'not only plausible, but compelled by the canon of constitutional avoidance.' " (*Id*. at p. 868.) That is, "construing the Reform Act's substantive limitations as operational through section 1172.75's instruction to apply relevant 'changes in law' harmonizes the two statutes and renders section 1172.75 ' "free from doubt as to its constitutionality." ' " (*Id*. at p. 869.) *Guevara* clarified that, "[r]esentencing [pursuant to the Reform Act] is not 'automatic' as in *Conley* because … [the defendant] must satisfy the substantive requirements of section 1170.126 .…" (*Id*. at p. 861.) The *Guevara* court further held, "[h]armonization does not require that section 1172.75 mirror the nonsubstantive order of operations relevant to defendants pursuing relief through section 1170.126 petitions." (*Id*. at p. 870.) Rather, "[s]ection 1170.126's technical processes are inapplicable at a resentencing pursuant to other mechanisms, like section 1172.75, which have separate procedural requirements that defendants must fulfill." (*Ibid*.)

B.    Analysis

In her original briefing, defendant argued the trial court abused its discretion by failing to apply the amendments to the Three Strikes law pursuant to the Three Strikes

Reform Act and Assembly Bill 518's changes to section 654 at resentencing. She argued these amendments were not in effect when she was originally sentenced and they are " 'changes in the law that reduce sentences and provide for judicial discretion' " that the court was required to implement at the resentencing hearing pursuant to section 1172.75, subdivision (d)(2). She asserted her count 2 conviction for threatening a public official pursuant to section 76 is not a "violent" or "serious" felony as defined in section 667.5, subdivision (c) or section 1192.7, subdivision (c). Accordingly, she argued, there was no "basis for an indeterminate sentence" as to that count under the Reform Act. She also argued the court should have held a hearing on whether count 2, rather than count 1, should have been designated the principal count, and the failure to do so violated "her ameliorative rights under the new law." If the issue is deemed forfeited, defendant asserted her counsel provided ineffective assistance by failing to alert the court to Assembly Bill 518's amendments to section 654 that permitted it to designate the sentence on count 2 as the principal term.

After the matter was transferred back to our court and our previous opinion was vacated in light of *Guevara*, the parties filed supplemental briefing in which they both now agree the matter must be remanded for the trial court to consider whether defendant should be resentenced on count 2 pursuant to the penalty provisions of the Reform Act.

Here, a violation of section 76, subdivision (a) is not defined as a serious and/or violent felony by section 667.5, subdivision (c) or section 1192.7, subdivision (c). Accordingly, pursuant to *Guevara*, we conclude remand is appropriate for the trial court to determine whether defendant meets the substantive qualifications for relief pursuant to the penalty provisions of the Reform Act. That is, on remand the court should consider "pursuant to the revised penalty provisions of the Reform Act [if defendant] would 'pose an unreasonable risk of danger to public safety.' " (*Guevara*, *supra*, 18 Cal.5th at p. 878.) If the court determines that resentencing defendant pursuant to the revised penalty provisions of the Reform Act would " 'pose an unreasonable risk of danger to

public safety,' " the court shall reimpose an indeterminate term on count 2. (§ 1170.126, subds. (f)–(g).) If the court does not determine that resentencing defendant would " 'pose an unreasonable risk of danger to public safety,' " and defendant is otherwise eligible for relief under the Reform Act, the court shall resentence defendant on count 2 pursuant to the revised penalty provisions of the Reform Act. (§§ 1170.126, subds. (f)–(g), 1170.12, subd. (c)(1), (2)(C), 1172.75, subd. (c).). Pursuant to the full resentencing rule, the court may also exercise its sentencing discretion—including with regard to which sentence to stay pursuant to section 654—in light of any changed circumstances. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

## DISPOSITION

The trial court's resentencing order is reversed and the matter is remanded for a new resentencing hearing consistent with this opinion.


PEÑA, Acting P. J.

WE CONCUR:


MEEHAN, J.


HARRELL, J.